**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Verde Environmental Technologies, Inc.,

Plaintiff,

v.

Daniels Sharpsmart, Inc.,

Defendant.

Case No. 24-cv-02163 (PJS/DJF)

**ORDER**

---

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 111) regarding documents filed in connection with the parties' Phase I cross-motions for partial summary judgment (ECF Nos. 53, 69). The presiding District Judge, the Honorable Patrick J. Schiltz, denied Defendant's Motion for Partial Summary Judgment and granted Plaintiff's Motion for Partial Summary Judgment in part on July 18, 2025 (ECF No. 104).

The parties agree that the following documents should be kept under seal: ECF Nos. 56, 56-1 to 56-4, 57, 59, 59-1 to 59-2, 61, 61-1 to 61-7, 63, 63-1 to 63-3, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 90, 92, 92-1 to 92-3, 94, 94-1 to 94-8, 96, 96-1 to 96-18, 100, and 101.

## I. Legal Standard

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests

served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp*., 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**II. Analysis**

The documents at issue are the parties' briefs in support of their respective motions for partial summary judgment, their supporting declarations, and exhibits attached to the declarations. Each memorandum and each declaration is filed with a public redacted version of the same document. Some of the exhibits also have public redacted versions, but most of the exhibits are sealed in their entirety with statements representing that redaction would be impractical. The parties argue these documents should remain under seal because they contain one or more of the following categories of information: (1) confidential business information; (2) confidential financial information; (3) confidential information concerning the relationship between Defendant

Daniels Sharpsmart and third-party C2R Global Manufacturing, Inc. ("C2R"); and/or (4) information marked "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order (ECF No. 43).

District Judge Schiltz resolved the cross-motions for partial summary judgment in a ruling from the bench. (ECF Nos. 104, 105.) Thus, though it cannot be said with certainty which among the many exhibits to the parties' briefs were material to that ruling, each document was at least in some manner important in resolving the motions. *See* In re *Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) (applying a heightened burden to seal documents filed in support of and in opposition to motions for summary judgment). The Court therefore applies the heightened sealing standard, *see Flynt*, 885 F.3d at 511, to each of the documents at issue.

As an initial matter, a party's designation of a document as "confidential" in discovery is not dispositive of whether it should be sealed upon filing in the Court's docket, which is presumptively open to the public. Though it is important that the parties have treated the documents at issue as confidential, the designation alone is not a sufficient basis for sealing them.

The Court generally agrees, however, that confidential business information can constitute a compelling reason for sealing. *See, e.g.*, *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, No. 4:17-cv-01502 (SEP), 2023 WL 6105187, at *2 (E.D. Mo. Sept. 18, 2023) ("The law does support granting properly supported motions to seal confidential business information[.]") (citations omitted). The parties made little effort to support their assertion that these documents contain confidential and sensitive information, but based on the Court's independent review of the documents, the Court can glean from them their confidential and sensitive nature. The confidential information here "include[s] formulae, proprietary technical data, customer lists, or financial information," *Willis*

*Elec. Co. v. Polygroup Ltd. (Macao Com. Offshore)*, No. 15-cv-3443 (WMW/KMM), 2019 WL 2574979, at *2 (D. Minn. June 24, 2019), "private financial and strategic information," *see Hoffmann Bros. Heating & Air Conditioning, Inc. v. Hoffmann Air Conditioning & Heating, LLC*, No. 4:19-cv-200 (SEP), 2022 WL 1718882, at *5 (E.D. Mo. May 27, 2022), and documents containing trade secrets or other proprietary information, *Am. Achievement Corp. v. Jostens, Inc.*, No. 21-cv-2613 (NEB/DJF), 2023 WL 3815697, at *2 (D. Minn. June 5, 2023). The Court thus agrees with the parties that sealing the documents at issue is appropriate. The Court finds that each does in fact contain sensitive and confidential information such as material formulae, private financial information, information concerning business strategy, and trade secrets or other proprietary information. Defendant's and non-party C2R's legitimate interests in maintaining confidentiality constitute compelling reasons for sealing that outweigh any public interest in accessing them. *See, e.g.*, *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, No. 4:17-cv-01502 (SEP), 2023 WL 6105187, at *2 (E.D. Mo. Sept. 18, 2023) ("The law does support granting properly supported motions to seal confidential business information[.]") (citations omitted).

The Court notes that the parties asked the Court to permanently seal the unredacted version of Plaintiff's memorandum in support of its Motion for Partial Summary judgment (ECF No. 72), but they provided no justification for doing so (*see* ECF No. 111 at 13). The Court presumes this was an inadvertent omission. Having compared the public redacted version of this memorandum (ECF No. 71) with the unredacted version (ECF No. 72), the Court finds the redactions are minimal and can fairly be characterized as concealing sensitive business strategy, financial or proprietary information. Therefore, in the interests of judicial economy and litigation efficiency, the Court construes the Sealing Motion as requesting to seal the unredacted memorandum on that ground.

For the above reasons, the Court concludes that the record reflects compelling reasons to

seal the documents, which outweigh the public interest in an open docket. The Court therefore grants the parties' motion and orders that the documents, as docketed at the ECF Nos. at issue in the Sealing Motion, shall remain sealed. Though the Court finds the documents should be kept under seal at this time, this ruling has no intended preclusive effect on how the District Judge might handle identical copies of the same documents, or the information they contain, in deciding any other dispositive motions or at trial.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 111) is **GRANTED** as follows: The Clerk of Court is directed to keep the documents filed at ECF Nos. 56, 56-1 to 56-4, 57, 59, 59-1 to 59-2, 61, 61-1 to 61-7, 63, 63-1 to 63-3, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 90, 92, 92-1 to 92-3, 94, 94-1 to 94-8, 96, 96-1 to 96-18, 100, and 101 under seal.

Dated: August 17, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge